FILED
MAR 21 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

MJD COUSINS GROUP, LLC, §
et al., ("the Ad Hoc §
Committee") §
§
Appellants, §
§  NO. MO-09-CA-099-H
v. §
§
LOTHIAN OIL, INC., §
§
Appellee. §

## MEMORANDUM OPINION

This is an appeal from a decision of the United States Bankruptcy Court. On July 20, 2009, Chief Judge Ronald King of the Bankruptcy Court entered an order granting Appellee's Distribution and Credits Motion. **In re Lothian Oil, Inc., et al.**, No. 07-70121, Doc. 2066 (Bkrtcy. W.D. Tex.). Appellants appealed that decision. Having considered the briefs of the parties and the entire record, this Court is of the opinion that the decision of the Bankruptcy Court should be reversed.

### Background and Procedural History

Appellants are a group of preferred shareholders in Lothian Oil, Inc. ("LOI") who refer to themselves as the Ad Hoc Committee of Series A Convertible Shareholders ("AHC"). LOI filed for relief under Chapter 11 of the United States Bankruptcy Code on June 13, 2007. On the same day, LOI filed motions to approve compromises that were supported by settlement agreements between LOI and two

1

entities who were shareholders of LOI: Nawab Energy Partners L.P. ("Nawab") and Frio Energy Partners, L.P. ("Frio"). The compromise motions were approved by the Bankruptcy Court on July 16, 2007 (the "2007 Compromise Orders"), and those orders were affirmed on appeal.

On June 10, 2008, the AHC filed a motion under Federal Rule of Bankruptcy Procedure 9024 seeking to set aside the 2007 Compromise Orders. The AHC alleged that the orders were obtained through fraud, misrepresentation, and other misconduct. Specifically, the AHC alleged that LOI, Nawab, and Frio intentionally misrepresented their relationship with one another in an effort to give the appearance that the compromises were the result of an arm's length negotiation.

After a period of litigation, LOI, Nawab, and Frio entered into a settlement agreement with the then existing members of the AHC (the "9024 Settlement"). Under the 9024 Settlement, Nawab and Frio paid the AHC $2.8 million and LOI paid them $225,000 in return for their dismissal of the 9024 motion. Additionally, the AHC released Nawab and Frio from all claims arising in or related to the LOI bankruptcy case. However, the AHC members retained all of their LOI shareholdings and any rights attached to or inherent therein.

LOI has now paid off its creditors and has excess funds to distribute to its shareholders pursuant to its Plan of Liquidation.

2

Under the Plan, each preferred shareholder is to receive its pro rata share of these funds. However, on motion of Appellee, the Bankruptcy Court determined that the settlement payments received by the AHC should be treated as "credits" to be applied to any share of the waterfall distribution that they might otherwise have been entitled to receive. As a result of the credits, the AHC will not receive any portion of LOI's waterfall. The AHC appeals the Bankruptcy Court's decision to credit all funds it received in the 9024 settlement when implementing the Plan of Liquidation.

## Statement of Jurisdiction

The Court has jurisdiction over this matter because it is an appeal from a final order of the Bankruptcy Court. **See 28 U.S.C. § 158; In re Sanders,** 403 B.R. 435, 438 (W.D. Tex. 2009).

## Standard of Review

In reviewing a decision of the bankruptcy court, this Court functions as an appellate court, applying the standards of review generally applied in federal courts of appeal. **JNS Aviation, Inc. v. Nick Corp.,** 418 B.R. 898, 902 (N.D. Tex. 2009). A bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo. **In re Morrison, 555 F.3d 473, 479 (5th Cir. 2009).**

## Analysis

Under the Bankruptcy Code, the provisions of a confirmed plan of liquidation bind the debtor. **11 U.S.C. § 1141.** The Plan of

Liquidation in this case provided that the holders of preferred equity interests in LOI should receive a pro rata share of the available cash. To justify this modification of the Plan, the Bankruptcy Court relied on its equitable authority under **11 U.S.C. § 105(a)**. While a bankruptcy court's equitable powers are broad, "authority is clear that a judge certainly may not exceed or violate the Bankruptcy Code itself." **In re Gary L. Zars**, 434 B.R. 421, 430 (W.D. Tex. 2010). The scope of a bankruptcy court's power under § 105(a) is reviewed de novo. **In re Myrvang**, 232 F.3d 1116, 1124 (9th Cir. 2000).

The reasoning of the Bankruptcy Court is not clear, and the limited findings of fact included in the order being appealed do not help to elucidate the matter. First, the Bankruptcy Court summarily concluded that the AHC brought its 9024 motion on behalf of the Debtor. However, this conclusion is not supported. The AHC brought their 9024 motion *against* the Debtor as well as Nawab and Frio on the grounds that all three had committed fraud in connection with their settlement agreements. The AHC was never granted trustee status to prosecute claims on behalf of the Debtor, nor were they granted official committee status. In addition, the fact that the AHC personally retained their settlement money indicates that the Bankruptcy Court did not consider the 9024 motion to have been brought on behalf of the Debtor.

The Bankruptcy Court went even further and determined that the

entire settlement amount should be credited against the AHC's waterfall distribution. However, LOI only paid $225,000 to settle the Rule 9024 motion; the remaining $2.8 million was paid by Nawab and Frio. In settling the Rule 9024 motion, the AHC retained all of their shares in LOI and their rights therein. Pursuant to the Plan of Liquidation, holders of allowed preferred equity interests in Lothian Oil were to receive their pro rata share of the available cash. The Plan defines "available cash" to mean "all of the cash held by the Reorganized Debtors...less the Distribution Reserve." Had the 9024 Settlement been paid entirely by LOI, then the Bankruptcy Court's determination that the entire settlement amount should be credited against the AHC's pro rata distribution would be more understandable. The AHC should not be allowed to "double dip." What is not clear, however, is how the Bankruptcy Court could credit payments made by third parties against the waterfall distribution the AHC was entitled to receive under the Plan. Simply put, the money paid to the AHC by Nawab and Frio to settle the claims against them should not be set off against the distribution the AHC is entitled to receive from LOI. The Bankruptcy Court cited to no provision of the Code to support such a credit, and its Order is in conflict with 11 U.S.C. § 1141. In summary, the Bankruptcy Court exceeded the scope of its equitable power in disregarding the terms of the Plan, and its Order in that regard must be reversed.

## Conclusion

It is therefore ORDERED that the Order Granting Appellees' Distribution and Credits Motion (Doc. # 2198) entered by the Bankruptcy Court on July 20, 2009, be, and it is hereby, REVERSED.

It is further ORDERED that this Adversary Proceeding be, and it is hereby, REMANDED to the United States Bankruptcy Court for further proceedings not inconsistent with this opinion.

SIGNED AND ENTERED this ___18th___ day of March, 2011.

_____
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE